# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**September 5, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**CHERYL BATTISTA,**
**Respondent Below, Petitioner**

**vs.) No. 23-ICA-40**        (Fam. Ct. Wayne Cnty. No. 50-2021-D-90)

**ANDREW BATTISTA,**
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

Petitioner Cheryl Battista appeals the Family Court of Wayne County's January 31, 2023, order which determined the parties' year of separation to be 2014 instead of 2021. Respondent Andrew Battista filed a timely response in support of the family court's decision.[1] Ms. Battista filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. and Ms. Battista were married in Cabell County, West Virginia in 1983. The parties later moved to Biloxi, Mississippi and lived there together until April 1, 2009, when Mr. Battista moved back to West Virginia. Ms. Battista remained in Mississippi. On March 16, 2009, the parties purchased a home in Wayne County, West Virginia (hereinafter, "the Waverly Road home") but did not intend to cohabitate there as husband and wife. The parties decided to live separately but to remain married to allow Ms. Battista to receive Mr. Battista's veterans disability, and social security survivor benefits upon his death. The marriage became a financial arrangement. It was the parties' understanding that Mr. Battista would continue to pay for the Mississippi home and its utilities to enable Ms. Battista and their disabled adult son to reside there. Both parties traveled back and forth on occasion to allow Mr. Battista visitation with their son.

Mr. Battista purchased another home in West Virginia (hereinafter "the W. 27th Street home") in 2017 or 2018, during which time the parties' Mississippi home was in

---

[1] Both parties are self-represented.

1

foreclosure. In or about March 2020, the Mississippi home was sold as part of the foreclosure, and Ms. Battista moved to the Waverly Road home in Wayne County, West Virginia. The parties continued to live separately until Mr. Battista filed for divorce on April 15, 2021. The divorce order was entered on April 14, 2022. Both parties were represented by counsel for the final divorce hearing.

In the final divorce order, the family court found that the parties' date of separation was April 1, 2009, and that the Waverly Road home was Mr. Battista's separate property, finding that it was purchased after the parties separated. Mr. Battista was ordered to pay Ms. Battista $1,000 per month in permanent spousal support.[2] Ms. Battista filed a motion to reconsider alleging, among other things, that Mr. Battista misled the court regarding their date of separation. Specifically, Ms. Battista contended that she and Mr. Battista separated in 2014 instead of 2009. On October 21, 2022, a hearing was held on Ms. Battista's motion to reconsider. In its January 6, 2023, order, the family court indicated that Ms. Battista had withdrawn all issues she raised in her motion to reconsider except (1) the classification of the Waverly Road home, and (2) the parties' date of separation. The family court found that the parties' date of separation was 2014 rather than 2009. As a result of the new date of separation, the Waverly Road home was recategorized as marital property, which entitled Ms. Battista to one-half of the $15,000 equity in the home. The family court ordered Mr. Battista to pay Ms. Battista her $7,500 equity within eighteen months. On January 31, 2023, the family court issued an *Amended Order Regarding Motion to Reconsider* due to minor clerical errors. It is from the January 31, 2023, order that Ms. Battista now appeals.

Our standard of review is as follows:

> "In reviewing . . . a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syl. Pt., [in part,] *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

*Amanda C. v. Christopher P.*, __ W. Va. __, __, 887 S.E.2d 255, 258 (Ct. App. Nov. 18, 2022); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court order).

---

[2] The Order further specified that from the spousal support, $400 was to be applied to the Waverly Road mortgage until it was satisfied, and Ms. Battista was to receive the remaining $600 in cash. If Ms. Battista opted not to reside in the Waverly Road home in the future, the Order indicated that Mr. Battista would pay her the full $1000 per month.

On appeal, Ms. Battista raises six assignments of error. As to her first assignment of error, Ms. Battista contends that both parties (not solely Mr. Battista) purchased the Waverly Road home. However, the family court properly categorized the Waverly Road home as marital property and granted Ms. Battista one-half of the equity in the home. Therefore, the first assignment of error is moot.

As her second and third assignments of error, Ms. Battista contends that Mr. Battista committed adultery and financial misconduct and that his actions should have been considered by the family court as fault-based grounds in the divorce proceedings. These assignments of error are outside the scope of our review, as these matters were not pleaded in Ms. Battista's initial divorce pleadings, therefore, they cannot be raised on appeal. The Supreme Court of Appeals of West Virginia has previously held that "[o]ur general rule is that nonjurisdictional questions raised for the first time on appeal, will not be considered." *Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009) (citation omitted).

In her fourth assignment of error, Ms. Battista contends that a portion of her spousal support award should not be used to pay the Waverly Road home's mortgage payment. As a fifth assignment of error, Ms. Battista argues that she should have been awarded attorney's fees. Again, these assignments of error are outside the scope of our review because they were waived below, and Ms. Battista did not raise the issue of waiver as an assignment of error on appeal. *Id.*

With regard to Ms. Battista's sixth assignment of error (the parties' date of separation), Ms. Battista asserted to the family court that the parties separated in 2014,[3] but on appeal, she asserts that the year of separation should be 2021 instead. Again, because Ms. Battista failed to raise the argument that her date of separation was 2021 at the family court level, we decline to address it on appeal. *Id.*

Accordingly, we affirm the family court's January 31, 2023, order.

Affirmed.

**ISSUED:** September 5, 2023

---

[3] Page four of the family court's order states:

Ms. Battista claims that [the family] [c]ourt should find the parties' date of separation is 2014. This is the date that she considered their marriage over because she believed Mr. Battista was dating his current wife. . . .That when asked for more specificity, Ms. Battista could not provide the [c]ourt with any additional information . . . other than the year 2014.

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen